**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4787**

———————

UNITED STATES OF AMERICA,

                                         Plaintiff - Appellee,

    versus

DOMINGO ROMERO MOLINA,

                                       Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. James C. Turk, Senior District Judge. (CR-03-53)

———————

Submitted: June 22, 2005          Decided: August 25, 2005

———————

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

———————

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

———————

Robert J. Harris, Strasburg, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Domingo Romero Molina appeals his jury convictions of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine and possession of a firearm in furtherance of a drug trafficking crime and the resulting 248-month sentence. Molina does not attack his conspiracy conviction on appeal, but asserts the evidence was insufficient to support his firearm conviction. He also asserts that his sentence is incorrect under Blakely v. Washington, 542 U.S. 296 (2004). We affirm Molina's convictions but vacate and remand his sentence.

When an Appellant challenges the sufficiency of the evidence at trial, we must sustain a jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003), cert. denied, 124 S. Ct. 2906 (2004). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996)). The court reviews both direct and circumstantial evidence and permits "the government the benefit of all reasonable inferences from the facts

- 2 -

proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

"[A]n appellate court's reversal of a conviction on grounds of insufficiency of evidence should be 'confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). Witness credibility is within the sole province of the jury, and the court will not reassess the credibility of testimony. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Molina alleges that the evidence presented at trial to support his conviction of possession of a firearm in relation to a drug trafficking offense "was just too skimpy." The evidence supporting Molina's firearm conviction came from testimony from other participants in the conspiracy. The gist of this testimony was that Molina accepted a firearm as compensation for a drug debt owed him by Richard Lee Richie. Richie's testimony was corroborated by other witnesses. With the above standards in mind, we find this evidence sufficient to support his firearm conviction and affirm it.

Molina next asserts his sentence is improper under Blakely. Both he and the Government assert that his sentence should be vacated and remanded. We agree. While we find no Sixth Amendment error in his sentencing, we conclude that United States

v. White, 405 F.3d 208, 223 (4th Cir. 2005), requires us to vacate and remand Molina's sentence because he has demonstrated "that he suffered actual prejudice from being sentenced under a mandatory guidelines regime." After pronouncing Molina's sentence, the court stated:

> Now, if the Guidelines were not applicable and the court was imposing a sentence without considering the Guidelines, the court would impose a sentence of one hundred and twenty (120) months for count one and sixty (60) months for the gun count, to run consecutively, for a total of one hundred eighty (180) months, in addition to what the court has had to impose under the Guidelines.

(JA 597). Thus, unlike the sentencing court in White, the district court in this case made "statements at sentencing indicating that it wished to sentence [Molina] below the guideline range but that the guidelines prevented it from doing so." White, 405 F.3d at 223-24. We therefore conclude that Molina has shown under White that the treatment of the Sentencing Guidelines as mandatory affected the district court's determination of the sentence it imposed. For that reason, we vacate Molina's sentence and remand for resentencing.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART